NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIGHTON COLLECTIBLES, LLC, a Delaware Limited Liability Company,<br><br>               Plaintiff-Appellant,<br><br>   v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Subscribing To Insurance Policy Numbers SS0002114/2730 AND SS0002115/2566 unknown persons or business entities of unknown residence,<br><br>               Defendant-Appellee. | No.   18-56403<br><br>D.C. No.<br>2:18-cv-01107-JFW-GJS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 2, 2020
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[**] District Judge.

In this insurance dispute, Brighton Collectibles, LLC ("Brighton") appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the district court's grant of summary judgment to Certain Underwriters at Lloyd's London ("Lloyd's"). The district court held that Lloyd's does not have a duty to defend Brighton against a putative class action by Lida Yeheskel (the "Yeheskel Action"), which alleges that Brighton collected and sold Yeheskel's and other customers' personal information in violation of California's Song-Beverly Credit Card Act (the "Credit Card Act"), Cal. Civ. Code § 1747.08. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

Under California law, an insurer has a duty to defend its insured unless "there is *no* potential for coverage." *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993). To trigger this duty, "the insured need only show that the underlying claim *may* fall within policy coverage." *Id.* at 1161. "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993).

As relevant here, Brighton's policies with Lloyd's cover "'[p]ersonal injury' caused by an offense arising out of [Brighton's] business," defined to include the "[o]ral or written publication of material that violates a person's right of privacy." The district court held that the Yeheskel Action is not covered by this personal injury provision. We disagree. The Yeheskel Action alleges the violation of "a person's right of privacy" within the meaning of Brighton's policies. In *Los*

2

*Angeles Lakers, Inc. v. Federal Insurance Co.*, 869 F.3d 795 (9th Cir. 2017), we held that a claim under the Telephone Consumer Protection Act "is inherently an invasion of privacy claim" because Congress stated in that Act that "privacy rights" are the interests "this section is intended to protect." *Id.* at 803, 806 (quoting 47 U.S.C. § 227(b)(2)(B)(ii)(I), (C)). Because the California Supreme Court has made clear that the Credit Card Act's "overriding purpose" is likewise to "protect the personal privacy of consumers," *Pineda v. Williams-Sonoma Stores, Inc.*, 246 P.3d 612, 619 (Cal. 2011) (quotation marks and citation omitted), we conclude that Yeheskel's Credit Card Act claim alleges an invasion of privacy sufficient to trigger Lloyd's duty to defend.

Lloyd's obligation to defend is not eliminated by the policies' exclusion of coverage for "advertising, publishing, broadcasting or telecasting done by or for [Brighton]." The word "publishing" in this coverage exclusion cannot be read to have the same meaning as the word "publication" in the personal injury provision. Such a reading would exclude coverage for virtually any publication over which Brighton might realistically be sued, rendering the policies' express coverage for publications that violate privacy rights "practically meaningless." *Safeco Ins. Co. of Am. v. Robert S.*, 28 P.3d 889, 894-95 (Cal. 2001) (rejecting a broad construction of an exclusion that would have rendered coverage "illusory" and violated the insured's reasonable expectations).

Moreover, the grouping of "publishing" with "advertising . . . , broadcasting or telecasting" in the coverage exclusion suggests that the exclusion applies only to broad, public-facing marketing activities. *See Hameid v. Nat'l Fire Ins. of Hartford*, 71 P.3d 761, 766 (Cal. 2003) (interpreting the term "advertising" in liability policies to mean "widespread promotional activities usually directed to the public at large"). Yeheskel's allegations that Brighton sold customer information to select third-party marketers, if true, would constitute "publication" of the information, *see State Farm Gen. Ins. Co. v. JT's Frames, Inc.*, 104 Cal. Rptr. 3d 573, 587 (Ct. App. 2010), but would not rise to the level of widespread, public-facing "publishing."[1]

**REVERSED and REMANDED for further proceedings.**

---

[1] In light of our determination that the Yeheskel Action alleges a personal injury based on a privacy violation, we need not decide whether it also alleges an "advertising injury" within the meaning of the insurance policies. We also decline to reach two issues the parties did not raise in their briefing: (1) whether "civil penalt[ies]" under the Credit Card Act are "damages" within the meaning of Brighton's policies, *see* Cal. Civ. Code § 1747.08(e); and (2) whether the fact that the Credit Card Act proscribes only the collection of customer information, and not its subsequent publication, *see* Cal. Civ. Code § 1747.08(a)(1)-(2), means the Yeheskel Action does not implicate the "publication of material" covered by Brighton's policies.